**WAYNE GREENWALD, P.C.**
*Attorneys for the Debtor-Plaintiff,*
*Frederick R. Mintz*
475 Park Avenue South -21st Floor
New York, New York 10016
212-983-1922
Wayne Greenwald

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re                                                                        Case No.:
                                                                                    15-13351-SCC
**FREDERICK R. MINTZ,**
                                                                                    Chapter 7
            Debtor.
-----------------------------------------------------------X
**FREDERICK R. MINTZ,**

            Plaintiff,
-against-                                                                  Adv. No.
                                                                                    15-              -

**488 MADISON AVENUE ASSOCIATES, LLC,**
**MICHAEL PREMISLER, ESQ,, and**
**MARTIN A. BIENSTOCK, New York City**
**Marshall,**

            Defendants.
-----------------------------------------------------------X

## COMPLAINT

TO:   HON.  SHELLEY C. CHAPMAN
         UNITED STATES BANKRUPTCY JUDGE


    The Debtor-Plaintiff, Frederick M. Mintz (sometimes referred to as the

"Debtor") by his attorneys Wayne Greenwald, P.C., as and for his complaint

- 1 -

represents

## JURISDICTION AND VENUE

1.  The Debtor filed his voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 24, 2015

2.  David Kittay was appointed interim trustee in this case.

3.  The Debtor is a practicing attorney.

4.  This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

5.  This matter is a "core proceeding" as that term is defined by 28 U.S.C. § 157.

6.  This action and Motion concern a "public right."

7.  This district is the appropriate venue for this adversary and motion proceeding, pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

8.  Upon information and belief, the Defendant 488 Madison Avenue Associates, LLC ("488") maintains offices and conducts business in this district.

9.  Upon information and belief, the Defendant, Michael Premisler, Esq., resides in the State of New York and transacts business in this district.

10. Upon information and belief, the Defendant, Martin A. Bienstock, New York

City Marshall, resides in the State of New York and transacts business in this district.

## **STATEMENTS APPLICABLE TO ALL CLAIMS FOR RELIEF**

11. The Debtor repeats the statements contained in paragraphs numbered 1 trough 10 of this complaint with the same force and effect as if stated fully here.

12. The Debtor is an individual.

13. The Debtor is a debtor in a pending case under 11 U.S.C. § 101, *et seq.*

14. The Debtor commencing a case, under 11 U.S.C. § 101, *et seq.*, created an estate as provided by 11 U.S.C. § 541.

15. The automatic stay of 11 U.S.C. § 362(a) applies to the Debtor.

16. The automatic stay of 11 U.S.C. § 362(a) applies to the Debtor's property.

17. The automatic stay of 11 U.S.C. § 362(a) applies to property of the Debtor's estate.

18. The Debtor is a practicing attorney.

19. The Debtor and his is business partner, Alan Fraade are the sole equity security holder s in Mintz & Fraade P.C. ("M&F PC")

20. On December 24, 2015, Alan Fraade commenced in this Court a voluntary case under chapter 7 of the Bankruptcy Code (Case No. 15-23812-RDD)

21. M&F PC has been the vehicle through which the Debtor conducts his law practice.

22. The Debtor is an officer of M&F PC.

23. M&F PC has been the principal source of the Debtor's income.

24. For more than twenty years, the Debtor has not practiced law other than through M&F PC.

**The Action**

25. Upon information and belief, in 2014, 488 commenced the action against the Debtor, Alan Fraade and M&F PC (the "Action").

26. Upon information and belief, the relief sought by the Action was money judgments against the Debtor, Alan Fraade and M&F PC.

27. Upon information and belief, on February 25, 2015 a money judgment for $258,549.55 was entered against the Debtor, Alan Fraade and M&F PC (the "Judgment").

**The Execution**

28. On or about November 20, 2015, 488 through its attorney Michael Premisler, issued an execution to enforce the Judgment (the "Execution").

29. The Execution refers to the Debtor, Alan Fraade and M&F PC as the

judgment debtors.

30. The Execution directs the Sheriff "to satisfy said judgment out of the real and personal property of the above-named judgment debtor."

31. The Execution as refers to M&F PC as the Garnishee,

32. Upon information and belief, on or about November 20, 2015, 488 through its attorney Michael Premisler, delivered the Execution to the office of New York City Marshall Martin A. Bienstock ("Marshal Bienstock").

33. On or about December 8, 2015, Marshal Bienstock delivered the Execution with Marshal's Notice and Marshal's Notice of Levy and Sale to the Debtor, Alan Fraade and M&F PC.

34. The Marshal's Notice is directed to the "Judgment Debtor."

35. The Marshal's Notice of Levy and Sale states that a sale of the defendants' assets will occur to satisfy the Execution.

36. The defendants referred to by the Marshal's Notice of Levy and Sale are Debtor, Alan Fraade and M&F PC.

37. The Marshal's Notice of Levy and Sale states that the Sale of the defendants' assets will occur on December 29, 2015 at 9:00 a.m (the "Sale").

38. Based on the terms of the Execution and Marshal's Notice of Levy and Sale, the Sale will include the sale of the Debtor's property.

39. Based on the terms of the Execution and Marshal's Notice of Levy and Sale , the Sale will include the sale of M&F PC's property.

**The Debtor's Case Begins**

40. On December 24, 2015, the Debtor filed with this Court his voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

**488, Michael Premisler and Marshal Bienstock
Receive Notice of this Case and the Automatic Stay**

41. On December 24, 2015 at approximately 4:40 p.m. the Debtor's counsel sent a fax to Marshal Bienstock (the "Fax").

42. The Fax included proof that this case and Alan Fraade's chapter 7 case was filed and that the Sale was stayed.

43. Probably due to the time of the transmission and the pending holiday, the Debtor's counsel received no response to the Fax from Marshal Bienstock

44. On December 24, 2015 at approximately 5:04 p.m. the Debtor's counsel sent an email to Michael Premisler (the "Email").

45. The Email included proof that this case and Alan Fraade's chapter 7 case was filed and that the Sale was stayed.

46. Minutes later, Mr. Premisler responded by email, "Only the individuals filed . . . . . I will not so instruct he marshal."

47. The Debtor's counsel responded to Mr. Premisler, *via* email at 6:03 p.m.

48. In the 6:03 p.m. email, the Debtor's counsel made clear to 499 and Mr. Premisler that:

- the individual's' property is located on the premises

- the individuals' property is subject to the sale and the stay.

- the Execution and Sale are, at the very least, " the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the bankruptcy cases"  11 U.S.C. 362(a)(1).

- what M&F PC is not a debtor, it's still protected by the stay. *Queenie, Ltd. v. Nygard International,*, 321 F.3d 282, 287–88 (2d Cir.2003)(automatic stay applied to entity wholly owned by debtor)*, In re S. Side House, LLC*, 470 B.R. 659, 685 (Bankr. E.D.N.Y. 2012)(action against the nondebtor "will have an immediate adverse

economic consequence for the debtor's estate"), see also *Robert Plan Corp. v. Liberty Mut. Ins. Co.*, No. 09 Civ.1930, 2010 WL 1193151, at *3 (E .D.N.Y. Mar. 23, 2010); *DeSouza v. Plusfunds Grp., Inc.*, No. 05 Civ. 5990, 2006 WL 2168478, at *2 (S.D.N.Y. Aug. 1, 2006).

- being better informed, their violating the automatic stay will not be innocent, but subject to sanctions, *Matter of Fugazy Exp., Inc.*, 124 B.R. 426, 432 (S.D.N.Y. 1991) citing, *Burley v. American Gas & Oil Investors (In re Heafitz)*, 85 B.R. 274, 281–82 (Bankr.S.D.N.Y.1988) (inadvertent violators of stay and their attorneys were sophisticated and familiar with broad application of the automatic stay, they made no effort to determine the respective rights of the parties and were therefore found to have acted in "arrogant defiance of the law.").

49. Receiving no further response from 488 or Mr. Premisler, the Debtor's counsel emailed Mr. Mr. Premisler on December 25, 2015.

50. In the December 25, 2015 email, the Debtor's counsel urged Mr. Premisler to instruct Marshal Bientock not to proceed with the Sale on Tuesday.

51. The email set the evening of December 26, 2015 as a deadline for apprising the Debtor's counsel that the stay was being honored. Otherwise, Debtor's counsel had to seek all appropriate and necessary relief, including, but not

limited to, contempt, damages, punitive damages and attorneys' fees.

52. The December 25, 2015 email concluded, urging 488 to, at the very least, reschedule the Sale until after 488 sought relief from the automatic stay or the court determining that stay does not apply.

53. There was no response to the December 25, 2015 email.

54. Still hoping to avoid the need for this Motion, at 2:49 p.m. of December 27, 2015, the Debtor's attorney again emailed Mr. Premisler.

55. The email asked Mr. Premisler if he wanted to attend the hearing where the interim relief is being sought.

56. That email remains without a response.

57. The Debtor warned 488 and Mr. Premisler of the automatic stay afforded the Debtor, how they were violating the automatic stay and the consequences of those violations.

58. Mr. Premisler and 488 left the Debtor with no choice but to protect himself through this Action.

59. The Judgment is the result of the Debtor guaranteeing M&F PC's obligation to 488.

60. The Sale impacts the Debtor's business and his anticipated fresh start.

61. On December 28, 2015 at approximately 9:00 a.m., the Debtor's counsel

reached Marshal Bienstock's office by telephone.

62. Another copy of the Fax was provided *via* email.

63. The Marshal's office responded that it would only conduct the Sale as against M&F PC, not the Debtor's property.

64. The Marshal's decision to proceed ignores "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant."

65. Upon information and belief, Sale proceed without the Marshal identifying and segregating the Debtor's property from M&F PC's property

66. Otherwise, confusion will exist over what was being sold.

67. Upon information and belief, to segregate the Debtor's property from M&F PC's property, the Marshal must obtain possession or control of property of the estate.

68. The Debtor has not been severed from M&F PC in the Action.

69. Therefore, the Sale is continuation of a judicial proceeding against the Debtor.

70. The Mr. Premisler's and 488's inaction forced the Debtor to make this Motion

71. Mr. Premisler and 488 have a duty to take the necessary steps to discontinue their collection activities against the Debtor .

72. Mr. Premisler and 488 breached their a duty to take the necessary steps to

discontinue their collection activities against the Debtor .

## **FIRST CLAIM FOR RELIEF**

73. The Debtor repeats the statements contained in paragraphs numbered 1 trough of this complaint with the same force and effect as if stated fully here.

74. By reason of the foregoing, the Defendants violated the automatic stay afforded the Debtor by 11 U.S.C. § 362(a).

75. By reason of the foregoing, the Defendants threaten to continue violating the automatic stay afforded the Debtor by 11 U.S.C. § 362(a).

76. Upon information and belief, the Debtor will suffer irreparable damages through the Defendants continued violation of the automatic stay afforded the Debtor by 11 U.S.C. § 362(a).

77. The Debtor is entitled to the protections afforded the Debtor through 11 U.S.C. § 362(a)'s automatic stay.

78. By reason of the foregoing, the Debtor is entitled to a preliminary and permanent injunction against the Defendants violating the automatic stay.

79. By reason of the foregoing, the Debtor is entitled to a preliminary and permanent injunction against the Defendants conducting the Sale.

## SECOND CLAIM FOR RELIEF

80. The Debtor repeats the statements contained in paragraphs numbered 1 trough 79 of this complaint with the same force and effect as if stated fully here.

81. The Defendants' violation of the automatic stay afforded the Debtor was wilful

82. The Debtor was injured by the Defendants' willful violation of the automatic stay afforded him in this case.

83. By reason of the foregoing the Debtor is entitled to a money judgment in his favor and against the Defendants for his actual damages, costs and attorneys' fees in a sum to be determined at trial.

## THIRD CLAIM FOR RELIEF

84. The Debtor repeats the statements contained in paragraphs numbered 1 trough 83 of this complaint with the same force and effect as if stated fully here.

85. The Defendants' conduct is egregious.

86. The Defendants ignored the Debtor's repeated pleas to adhere to the automatic stay.

87. They ignored their duty to act simply inform Marshal Bienstock "that the bankruptcy stay is in place and that the prepetition status *quo must remain*."

*88.* They left it to the Debtor to spend a holiday weekend doing what 488 and

Michael Premisler could have accomplished by acknowledging that the automatic is in place and advising the Debtor that they would so advise Marshal Bienstock

89. Upon information and belief, the Mr. Premisler's and 488's motive was to punish the Debtor.

90. Upon information and belief, the Mr. Premisler's and 488 acted in arrogant disregard for the law.

91. The Debtor did nothing to provoke 488 or Mr. Premisler.

92. By reason of the foregoing the Debtor is entitled to a judgment of punitive damages in his favor and against the Defendants a sum to be determined at trial.

**WHEREFORE**, the Debtor requests that this Court enter judgment:

**First Claim For Relief:** Enjoining the Defendants' continued violation of the automatic stay afforded him by 11 U.S.C. § 362(a).

**Second Claim for Relief:** A money judgment in his favor and against the Defendants for his actual damages, costs and attorneys' fees in a sum to be determined at trial.

**Third Claim for Relief:** A money judgment in his favor and against the Defendants for punitive damages in a sum to be determined at trial;

The Debtor's costs disbursements and attorneys' fees in bringing this action.

Such other and further relief as this Court deems proper

Dated:  Becket, MA
December 28, 2015

    WAYNE GREENWALD, P.C.
*Attorneys for the Debtor-Plaintiff,*
*Frederick M. Mintz*
475 Park Avenue South -21st Floor
New York, New York 10016
212-983-1922

By /s/ Wayne M. Greenwald Pres
    Wayne M. Greenwald

## VERIFICATION

Wayne Greenwald declares

1. I am the principal of Wayne Greenwald, P.C., attorneys for the Plaintiff and have personal knowledge of the facts stated herein.

2. I read the foregoing Complaint, know its contents and same are true to the best of my knowledge.

3. I declare the foregoing statements as true and correct under penalties of perjury, pursuant to 28 U.S.C, § 1746

Dated: Becket, MA
December 28, 2015

    /s/   Wayne M. Greenwald
    Wayne M. Greenwald